**David F. Sugerman**, OSB No. 862984
david@sugermandahab.com
**Nadia Dahab**, OSB No. 125630
nadia@sugermandahab.com
SUGERMAN DAHAB
707 SW Washington St. Ste. 600
Portland, OR 97205
Tele: (503) 228-6474

**Tim A. Quenelle**, OSB No. 934000
tim.quenelle@gmail.com
TIM QUENELLE PC
4800 SW Meadows Road Ste. 300
Lake Oswego, OR 97035
Tele: (503) 675-4330

**Kristen G. Simplicio** (*pro hac vice* forthcoming)
ksimplicio@tzlegal.com
**Spencer S. Hughes** (*pro hac vice* forthcoming)
shughes@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW Ste. 1010
Washington, DC 20006
Tele: (202) 973-0900

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER ROSING, JARRETT CIVELLI, and JEFFREY HAAGENSON, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LUMEN TECHNOLOGIES, INC.; CENTURYLINK COMMUNICATONS, LLC; QWEST BROADBAND SERVICES, INC. d/b/a CENTURYLINK; QWEST SERVICES CORPORATION; and QWEST CORPORATION d/b/a CENTURYLINK QC,<br><br>Defendants. | Case No. 3:23-cv-1739<br><br>**CLASS ACTION COMPLAINT**<br><br>Breach of Contract;<br>Unlawful Trade Practices Act (Willful Violation) (Or. Rev. Stat. § 646.808);<br>Unlawful Trade Practices Act (Reckless Violation) (Or. Rev. Stat. § 646.808);<br>Unjust Enrichment<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Christopher Rosing, Jarrett Civelli, and Jeffrey Haagenson, by and through their undersigned counsel, bring this class action on behalf of themselves and all others similarly situated against Defendants Lumen Technologies, Inc., CenturyLink Communications, LLC, Qwest Broadband Services, Inc. (d/b/a CenturyLink), Qwest Services Corporation, and Qwest Corporation (d/b/a CenturyLink QC) (collectively, "CenturyLink") and allege as follows.

## INTRODUCTION

1.      CenturyLink is one of the largest Internet service providers in the country.  It offers business and residential Internet services in sixteen states, including Oregon.  According to Broadband Search, CenturyLink Internet is available to more than 82 percent of consumers in the Portland market.[1]

2.      In 2017, CenturyLink began advertising a "Price For Life" promotion to residential customers.  Under the Price For Life, a customer who subscribed to CenturyLink Internet services would have their monthly Internet price secured "for life" so long as the customer remained in good standing, made payments on time, maintained service at the same residential address without suspension or disconnection, and did not change their CenturyLink service plan.  In exchange, CenturyLink promised to maintain the customer's residential Internet service Price For Life.

3.      The Price For Life was heavily marketed and advertised.  It was also contractually guaranteed.  CenturyLink promised the Price For Life not only in its ads, but also in the terms and conditions that its residential Internet customers agreed to in exchange for CenturyLink Internet services.

---

[1]      Broadband Search, *Internet Providers in Portland, OR*, www.broadbandsearch.net/ service/oregon/portland (last accessed Nov. 23, 2023).

4.      The Price For Life promotion was attractive to many customers, including Plaintiffs and members of the Classes.  Internet service is expensive, and prices for it are volatile.  Customers may spend time and energy searching for the best deal from various providers multiple times per year.  But Price For Life subscribers gained price stability and the peace of mind that they had limited their monthly Internet costs so long as they complied with Price For Life terms and conditions.  While subscribed to the Price For Life, CenturyLink customers dismissed CenturyLink's competitors (or didn't bother to evaluate available alternatives) even when those competitors offered better prices, faster speeds, more reliable connections, or other benefits, because those customers wanted to preserve their Price For Life with CenturyLink.

5.      The Price For Life promotion was a boon for CenturyLink, too.  Customer acquisition costs in the Internet service provider industry are sky high, costing businesses like CenturyLink hundreds of dollars per new customer.[2]  CenturyLink and its competitors constantly seek better methods to reduce "churn," or the percentage of subscribers who cancel their service in a given period of time.  The Price For Life promotion attracted a loyal customer base to CenturyLink, lowered its customer acquisition costs, and reduced CenturyLink's churn.  The promotion included customers who would pay every bill on time and would be heavily incentivized to remain with CenturyLink even if alternative Internet service providers offered better prices, speed, or service.  And because the Price For Life lasted only as long as a customer kept the same service address and plan and made payments on time, CenturyLink ensured it would not be indefinite, as customers would leave the program over time.

6.      But CenturyLink couldn't wait for relocations and missed payments, and it didn't

---

[2]      Amir Kotler, *Acquiring Subscribers Is Only Half The Battle*, Forbes (Oct. 30, 2020), www.forbes.com/sites/forbestechcouncil/2020/10/30/acquiring-subscribers-is-only-half-the-battle (last accessed Nov. 23, 2023).

keep its promises.  In 2023, CenturyLink quietly raised prices for Price For Life customers who had followed CenturyLink's instructions and complied with the Price For Life terms.  Many CenturyLink customers received no warning of any price increase until they saw their monthly bill increase by $10 or more.

      7.     CenturyLink's decision to break its Price For Life agreements came on the heels of massive losses in the value of its business.  In 2022, CenturyLink's stock price plummeted, losing more than 55 percent of its value in just one year.  In February 2023, CenturyLink stock lost more than 35 percent of its value in that month alone.  Facing a financial crisis and desperate for increased cash flow, CenturyLink decided to extract more money from its customers in violation of its contracts.

      8.     Plaintiffs bring this lawsuit on behalf of themselves and a nationwide class and an Oregon subclass composed of CenturyLink customers who subscribed to CenturyLink residential Internet services pursuant to Price For Life, complied with the terms, and have still seen their bills increase.  CenturyLink's decision to breach its terms and conditions with customers who loyally complied with them is a breach of contract.  Its advertising, marketing, and treatment of the members of the Oregon subclass constitute violations of the Unlawful Trade Practices Act.  And its receipt and retention of the funds above the Price For Life amount is unjust enrichment.

## PARTIES

9.      Plaintiff Christopher Rosing is an Oregon citizen.  In February 2022, he subscribed to CenturyLink's Price For Life Internet service at his home address in Portland.  He has received and paid bills for these services and complied with the terms of the Price For Life program.  Plaintiff Rosing is a current CenturyLink customer and has paid and is paying an amount in excess of his Price For Life to continue to receive residential Internet service from CenturyLink.

10.     Plaintiff Jarrett Civelli is an Oregon citizen.  In June 2021, he subscribed to CenturyLink's Price For Life Internet service at his home address in Portland.  He has received and paid bills for these services and complied with the terms of the Price For Life program. Plaintiff Civelli is a current CenturyLink customer and has paid and is paying an amount in excess of his Price For Life to continue to receive residential Internet service from CenturyLink.

11.     Plaintiff Jeffrey Haagenson is an Oregon citizen.  In 2019, he subscribed to CenturyLink's Price For Life program at his home address in Portland.  He has received and paid bills for these services and complied with the terms of the Price For Life program.  Plaintiff Haagenson cancelled his CenturyLink service after CenturyLink refused to honor his Price For Life and instead obtained residential Internet service from Verizon with a slower connection speed than what he received through his CenturyLink Price For Life plan.

12.     Defendant Lumen Technologies, Inc. is a Louisiana corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  It is registered as a foreign business corporation with the Oregon Secretary of State.  Until January 2021, its name was CenturyLink, Inc.  On information and belief, it is the parent company of all Defendants. On information and belief, Lumen Technologies, Inc. operates and controls CenturyLink's

operations, including its website, marketing materials, and provision of residential Internet services in Oregon and other states.

13.     Defendant CenturyLink Communications, LLC is a Delaware corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.   It is registered as a foreign limited liability corporation with the Oregon Secretary of State. CenturyLink Communications, LLC acts in concert with other entities affiliated with Lumen Technologies, Inc. and is involved in the operation of CenturyLink Internet services.

14.     Defendant Qwest Broadband Services, Inc. (d/b/a CenturyLink)[3] is a Delaware corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  It is registered as a foreign business corporation with the Oregon Secretary of State, and it has registered its assumed business name as CenturyLink.  Qwest Broadband Services, Inc. acts in concert with other entities affiliated with Lumen Technologies, Inc. and is involved in the operation of CenturyLink Internet services.

15.     Defendant Qwest Services Corporation is a Colorado corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  It is registered as a foreign business corporation with the Oregon Secretary of State.  Qwest Services Corporation acts in concert with other entities affiliated with Lumen Technologies, Inc. and is involved in the operation of CenturyLink Internet services.

16.     Defendant Qwest Corporation (d/b/a CenturyLink QC) is a Colorado corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  It is registered as a foreign business corporation with the Oregon Secretary of State, and it has

---

[3]     Because this class action complaint refers to all Defendants collectively as "CenturyLink," any reference to this Defendant individually will be to Qwest Broadband Services, Inc.

registered its assumed business name as CenturyLink QC.  Qwest Corporation, or CenturyLink

QC, acts in concert with other entities affiliated with Lumen Technologies, Inc. and is involved

in the operation of CenturyLink Internet services.

17.     On information and belief, the CenturyLink Defendants operate collectively to

market, advertise, and offer residential Internet services in Oregon and throughout the United

States, to enter into contracts with CenturyLink customers, and to set prices, bill subscribers, and

collect funds from CenturyLink customers.

## JURISDICTION AND VENUE

18.     This Court has original subject matter jurisdiction under the Class Action Fairness

Act, 28 U.S.C § 1332(d), because (a) at least one member of each of the classes is a citizen of a

state different than that of a Defendant, (b) the amount in controversy exceeds $5,000,000,

exclusive of interest and costs, (c) the classes each consist of more than 100 members, and (d)

none of the exceptions in 28 U.S.C. § 1332(d) applies.

19.     This Court has personal jurisdiction over each Defendant.  At all material times,

each Defendant conducted regular, sustained business activities in the State of Oregon and other

states.  Each Defendant affirmatively registered in Oregon to perform business activities, has

marketed, advertised, and operated its businesses within the State of Oregon, and has entered

into contracts with Oregon consumers, including Plaintiffs.

20.     Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial

part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  Each

Defendant has marketed, advertised, and operated its businesses within the District of Oregon

and has entered into contracts with consumers located in the District of Oregon, including

Plaintiffs.  Each Defendant's unlawful acts or omissions have harmed District of Oregon

residents, including Plaintiffs.

## FACTS

21.    CenturyLink is a telecommunications company that offers communications, network services, cloud storage, and Internet connectivity services to residential and business consumers.  It collected over $17 billion in revenue in 2022 and has a market capitalization of more than $1.3 billion.

22.    CenturyLink is one of the largest Internet service providers in the United States. It operates in sixteen states, including Oregon.  In some markets, CenturyLink is one of only a few options for high-speed residential Internet access.

23.    The residential Internet service market is highly price sensitive.  Small fluctuations in Internet service bills will increase churn and cause consumers to cancel service and switch to an alternative provider.  Providers like CenturyLink know that marketing and advertising efforts including lower prices, price locks, or price guarantees can drive business and lower the costs of customer acquisition and reduce churn.

24.    In 2017, CenturyLink created a new offering for residential Internet service called the Price For Life.  It marketed and advertised Price For Life services to customers across the country, including in Oregon:[4]

---

[4]    August 22, 2017, version of CenturyLink Portland, OR Plans and Pricing, The Wayback Machine, web.archive.org/web/20170822212733/www.centurylink.com/fiber/plans-and-pricing/portland-oregon/ (last accessed Nov. 23, 2023).



25.    As shown in the preceding image, the Price For Life promise was simple: a

CenturyLink customer would "Keep your Internet price as long as you keep your Price For Life plan." A given Price For Life plan promised an Internet speed, such as 40 Mbps, 70 Mbps, or 1 Gig, in exchange for a monthly rate certain to be paid by the customer. CenturyLink promised that the Price For Life came with "NO RATE HIKES." In other marketing and advertising materials, CenturyLink promised that a customer could "KEEP YOUR RATE FOR AS LONG AS YOU KEEP YOUR PLAN" and that the Price For Life included "No Rate Hikes" and "No Hassles."

26.     The Price For Life was set by contract. CenturyLink and its customers agreed in their respective service contracts that the Price For Life could not be increased so long as the customer remained in good standing, made payments on time, maintained service at the same residential address without suspension or disconnection, and did not change their CenturyLink service plan. If a customer complied with those terms, he or she was contractually entitled to the Price For Life.

27.     CenturyLink has marketed and offered Price For Life programs for years. On information and belief, CenturyLink continued marketing and advertising the Price For Life to potential and new customers as recently as 2022, using similar marketing and advertising materials including the phrase "Price For Life."

28.     In 2023, facing business headwinds, stiff competition, and a plummeting stock price, CenturyLink violated the Price For Life in an attempt to extract more money from its customers despite their contractual agreements. CenturyLink unceremoniously raised the price of residential Internet services. Many of its Price For Life customers received no advance notice of the price increase, and CenturyLink only noted on the second page of their monthly service bill that "[t]here has been a change" to the customer's Internet plan while the first page of the bill

demanded increased payment.

29.     Price For Life customers responded in an uproar.  CenturyLink's social media channels on websites including Facebook, X (formerly Twitter), and Reddit were dominated by Price For Life customers who had their prices raised.  In anticipation of the backlash, CenturyLink posted question and answer material on its website about its price increases.  One portion of the material read: "Will I see an increase in my High-Speed Internet charge if I have a current Price for Life promotion?  No, the High-Speed Internet monthly recurring charge for customers with the Price for Life promotion will not change."  This was false.  CenturyLink raised the recurring charge for thousands of customers with the Price For Life promotion, including Plaintiffs and members of the Classes.

30.     Up to and including the date of the filing of this class action complaint, CenturyLink has continued to charge Price For Life customers amounts in excess of their contractually promised prices.

31.     **Plaintiff Rosing.**  In May 2023, CenturyLink increased Plaintiff Rosing's monthly bill for residential Internet Service by $10 per month and has continued to charge him that amount.  CenturyLink did not provide him with notice as required by OAR 137-020-0300.  Plaintiff Rosing disputed the increased charges with CenturyLink both directly and with the Oregon Department of Justice (DOJ).  In response to the Oregon DOJ complaint, CenturyLink simply denied that Plaintiff Rosing had ever subscribed to a Price For Life program and incorrectly claimed that his service plan did not include protections against future Internet price increases.  Plaintiff Rosing has continued to pay the extra $10 per month in excess of the Price For Life, and the Oregon DOJ closed his complaint file.

32.     **Plaintiff Civelli.**  In July 2023, CenturyLink increased Plaintiff Civelli's monthly

bill for residential Internet Service by $10 per month and has continued to charge him that amount.  CenturyLink did not provide him with notice as required by OAR 137-020-0300.  Plaintiff Civelli disputed the increased charges with CenturyLink directly as well as with the Oregon DOJ.  In response to the Oregon DOJ complaint, CenturyLink simply denied that Plaintiff Civelli had ever subscribed to a Price For Life program and incorrectly claimed that his service plan did not include protections against future Internet price increases.  Plaintiff Civelli has continued to pay the extra $10 per month in excess of the Price For Life, and the Oregon DOJ closed the complaint file.

33.     **Plaintiff Haagenson.** In September 2021, Plaintiff Haagenson discovered that CenturyLink had unilaterally decreased Plaintiff Haagenson's Internet speed several months earlier, and he contacted CenturyLink customer service.  CenturyLink confirmed that it intentionally decreased his Internet speed and offered to switch his account to a new program at the previous agreed-upon speed.  Plaintiff Haagenson objected to changing his program on the grounds that he did not want to lose his Price For Life.  CenturyLink then restored the agreed-upon speed.  Plaintiff Haagenson received confirmation that he remained in a Price For Life program on three occasions in communications with CenturyLink representatives.  Despite this, in June 2023, CenturyLink attempted to charge him $10 per month in excess of the Price For Life amount.  CenturyLink did not provide him with notice as required by OAR 137-020-0300.  Plaintiff Haagenson disputed the increased charges with CenturyLink directly, as well as with the Oregon DOJ, the Oregon Public Utilities Commission, and the Federal Communications Commission.  In response to these disputes, CenturyLink incorrectly claimed Plaintiff Haagenson had signed up for a new account in 2021 and cancelled his Price For Life in doing so.  Plaintiff Haagenson then cancelled his CenturyLink service because of its refusal to honor the

Price For Life and switched his residential Internet service provider to Verizon, and received a slower Internet connection speed, rather than pay the increased CenturyLink rate.

34.     Further time and effort from Plaintiffs to enforce the Price For Life would have been futile, as CenturyLink refused to modify its practices and recognize Plaintiffs' contractually set prices. CenturyLink also independently discovered its breach of contract and Price For Life violations through other customer complaints, social media discussions, and/or news reports.[5] Any requirement that Plaintiffs provide additional pre-suit notice to CenturyLink would stand as an unreasonable barrier to the enforcement of their contractual, common law, and statutory rights. After CenturyLink refused to remedy this issue during their complaint processes, Plaintiffs had no available recourse other than this lawsuit.

## CLASS ACTION ALLEGATIONS

35.     This action is brought and may properly proceed as a class action pursuant to Federal Rule of Civil Procedure 23.

36.     Plaintiffs seek certification of a class with respect to Claims 1 and 4 (the "Nationwide Class") that is composed of and defined as follows:

> All current and former CenturyLink customers in the United States of America who subscribed to CenturyLink residential Internet services pursuant to the "Price For Life" promotion, complied with the terms of the promotion, and were charged more than their "Price For Life" for CenturyLink residential Internet service one or more times on or after January 1, 2023.

37.     Plaintiffs seek certification of a class with respect to Claims 2 and 3 (the "Oregon Subclass") that is composed of and defined as follows:

---

[5]     *See, e.g.*, Megan Ulu-Lani Boyanton, *CenturyLink Customers with "Price for Life" Deal See Bills Increase*, The Denver Post (Oct. 10, 2023), www.denverpost.com/2023/10/10/centurylink-customers-price-for-life-bills-increase (last accessed Nov. 23, 2023).

All current and former CenturyLink customers who subscribed to CenturyLink residential Internet services at an Oregon service address pursuant to the "Price For Life" promotion, complied with the terms of the promotion, and were charged more than their "Price For Life" for CenturyLink residential Internet service one or more times on or after January 1, 2023.

38.     Excluded from both the Nationwide Class and the Oregon Subclass (collectively, "the Classes") are CenturyLink's current and former officers, directors, and employees, and their immediate family members; attorneys for Plaintiffs and the Classes and their staff and employees; any person who has previously settled or adjudicated a claim involving a dispute over the CenturyLink Price For Life; and any juror in this action; or any judge, justice, or judicial officer presiding over this action and their immediate family members and staff.

39.     **Numerosity.**  Plaintiffs are informed and believe that there are millions of members of the Nationwide Class and thousands of members of the Oregon Subclass.  The Classes are so numerous that the joinder of all of their members is impracticable.  The precise number of members of each of the Classes can be determined from information in the possession and control of CenturyLink.

40.     **Commonality.**  CenturyLink has acted or refused to act on grounds that apply generally to the Classes.  Absent certification of the Classes, the relief sought herein creates the possibility of inconsistent judgments and/or obligations imposed on CenturyLink.  Numerous common issues of fact and law exist, including without limitation:

(a)     Whether the Price For Life is an enforceable contract term;

(b)     Whether CenturyLink breached its form contracts of adhesion with members of the Nationwide Class when it charged them more than the Price For Life;

(c)     Whether CenturyLink was unjustly enriched when it collected amounts in

excess of the Price For Life from its customers who are members of the Nationwide Class;

(d)     Whether CenturyLink's marketing and advertising of the Price For Life caused a likelihood of confusion or misunderstanding of it;

(e)     Whether CenturyLink represented that the Price For Life had characteristics, benefits, or qualities that it did not have;

(f)     Whether CenturyLink represented that the Price For Life was of a particular standard, quality, or grade, when it was of another, in that CenturyLink changed the quality and price of Internet services delivered;

(g)     Whether CenturyLink made false or misleading representations about the nature of its Price For Life transactions;

(h)     Whether CenturyLink made false or misleading statements about the Price For Life promotion used to publicize its residential Internet services;

(i)     Whether CenturyLink made false or misleading representations of fact concerning the offering price of cost of the Price For Life;

(j)     Whether CenturyLink failed to disclose known material defects or material nonconformities in the Price For Life;

(k)     Whether CenturyLink engaged in other unfair or deceptive conduct in trade or commerce; and

(l)     Whether any affirmative defenses may excuse any of CenturyLink's conduct.

41.     **Typicality.**  Plaintiffs' claims are typical, if not identical, to the claims that could be asserted by all members of the Nationwide Class and the Oregon Subclass.  Plaintiffs' claims

arise from CenturyLink's practices applicable to all members of the Classes. CenturyLink operates in a standardized manner with respect to its contracts and treatment of Plaintiffs and all members of the Classes. Plaintiffs' claims for relief are based upon the same legal theories as those of members of the Classes.

42.    **Adequacy.** Plaintiffs are members of the Nationwide Class and the Oregon Subclass. Plaintiffs will adequately represent the interests of the members of the respective Classes because there are no conflicts between Plaintiffs and those class members, and because Plaintiffs' counsel has the experience and skill to zealously advocate for the interests of the members of the Classes.

43.    **Predominance.** Common issues predominate over individualized inquiries in this action because CenturyLink's liability can be established as to all members of the Classes, as discussed herein. *See supra* ¶ 40.

44.    **Superiority.** There are substantial benefits to proceeding as a class action that render the certification of the Classes superior to any alternatives, including that it will provide a realistic means for members of the Classes to recover damages, the damages suffered by members of the Classes may be relatively small, it would be substantially less burdensome on the courts and the parties than numerous individual proceedings, many members of the Classes may be unaware that they have legal recourse for the conduct alleged herein, and issues common to members of the Classes can be effectively managed in a single proceeding. Members of the Classes can be identified through CenturyLink's business records and can be contacted through information found in CenturyLink's business records. Plaintiffs know of no difficulty that could be encountered in the management of this litigation that would preclude its maintenance as a class action. All Defendants operate and do business within this District, and Plaintiffs reside

within the District.

## CLAIMS FOR RELIEF

### CLAIM 1: BREACH OF CONTRACT
### On Behalf of Plaintiffs and the Nationwide Class

45.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

46.     Plaintiffs and members of the Nationwide Class entered into contracts with CenturyLink. CenturyLink breached its contracts with Plaintiffs and members of the Nationwide Class when it billed them for amounts in excess of the Price For Life, which was prohibited by the terms of those contracts.

47.     Plaintiffs and members of the Nationwide Class paid consideration to CenturyLink under the terms of their contracts, including without limitation regular bills in the amount of the Price For Life. Plaintiffs and members of the Nationwide Class received consideration in return, including without limitation the provision of residential Internet services at a set price with a lifetime term.

48.     Plaintiffs and members of the Nationwide Class were damaged by CenturyLink's breaches because CenturyLink breached their contracts and charged them amounts in excess of the Price For Life.

### CLAIM 2: UNLAWFUL TRADE PRACTICES ACT
### Willful Violation of ORS 646.608
### On Behalf of Plaintiffs and the Oregon Subclass

49.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

50.     As alleged herein, CenturyLink willfully violated section 646.608 of the Oregon Unlawful Trade Practices Act in one or more of the following ways, which caused ascertainable

loss to Plaintiffs and members of the Oregon Subclass:

    (a)    CenturyLink caused a likelihood of confusion or of misunderstanding as to the certification of its Price For Life services by misrepresenting the Price For Life (ORS 646.608(1)(b));

    (b)    CenturyLink represented that its Price For Life services had characteristics, benefits, or qualities that they did not have in that it was not price for life (ORS 646.608(1)(e));

    (c)    CenturyLink represented that its Price For Life services were of a particular standard, quality, or grade, when they were of another, in that CenturyLink changed the quality and price of the Internet service delivered (ORS 646.608(1)(g));

    (d)    CenturyLink made false or misleading representations about the nature of the transaction with Plaintiffs and members of the Oregon Subclass concerning Price For Life services (ORS 646.608(1)(k));

    (e)    CenturyLink made false or misleading statements about the Price For Life promotion used to publicize its residential Internet services (ORS 646.608(1)(p));

    (f)    CenturyLink made false or misleading representations of fact concerning the offering price or cost for Price For Life services (ORS 646.608(1)(s));

    (g)    CenturyLink failed to disclose known material defects or material nonconformities in the Price For Life services (ORS 646.608(1)(t)); and

    (h)    CenturyLink engaged in other unfair or deceptive conduct in trade or commerce (ORS 646.608(1)(u)) by and through OAR 137-020-0300.

51.     CenturyLink's violations were willful.  CenturyLink acted intentionally and with knowledge of the contracts into which it had entered with Plaintiffs and members of the Oregon Subclass.  CenturyLink charged amounts in excess of the Price For Life with the knowledge that it lacked the legal right to do so under its contracts with Plaintiffs and members of the Oregon Subclass.

52.     CenturyLink's violations caused ascertainable losses to Plaintiffs and members of the Oregon Subclass in that they paid more for internet service and/or received lower speed service than defendants represented they would provide.  Plaintiffs and Oregon Subclass members are entitled to recover actual damages, interest, attorneys' fees, and costs.

## CLAIM 3: UNLAWFUL TRADE PRACTICES ACT
### Reckless Violation of ORS 646.608
### On Behalf of Plaintiffs and the Oregon Subclass

53.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

54.     CenturyLink's violations of the Oregon Unlawful Trade Practices Act, detailed above, were reckless.  CenturyLink was on notice that it was charging at least some Price For Life customers in excess of their contractual amounts, but CenturyLink ignored that information and continued to overcharge Plaintiffs and members of the Oregon Subclass.

55.     Plaintiffs and members of the Oregon Subclass are entitled to recover statutory damages.

## CLAIM 4: UNJUST ENRICHMENT
### On Behalf of Plaintiffs and the Nationwide Class

56.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

57.     Plaintiffs and members of the Nationwide Class unjust conferred a benefit on

CenturyLink through paying amounts above the Price For Life, as billed by CenturyLink, in order to continue receiving Internet services.  It would violate fairness and principles of equity to permit CenturyLink to retain any amounts paid in excess of the Price For Life and any profits derived from them.

58.     Plaintiffs and members of the Nationwide Class unjustly conferred a benefit on CenturyLink through paying regular monthly Internet service bills while subscribed to a Price For Life plan.  Plaintiffs and members of the Nationwide Class did so with the expectation and understanding that their prices were secured for life and declined or opted not to pursue superior alternatives offered by CenturyLink's competitors.  CenturyLink unjustly benefitted from these behaviors, including without limitation through lower customer acquisition costs and reduced churn. It would violate fairness and principles of equity to permit CenturyLink to retain the amounts paid by Plaintiffs and members of the Nationwide Class while enrolled in the Price For Life service plan and any profits derived from them.

59.     As a result of CenturyLink's actions and omissions as alleged herein, CenturyLink has been unjustly enriched at the expense of Plaintiffs and members of the Nationwide Class.  Under principles of equity, CenturyLink should not be allowed to retain any monies paid by Plaintiffs or members of the Nationwide Class, whether in excess of the Price For Life or while enrolled in a Price For Life service plan, nor any profits derived from those monies by CenturyLink or through its unjust possession or access to those monies.

60.     Plaintiffs and members of the Nationwide Class have no adequate remedy at law for at least some of their damages.  To the extent required, Plaintiffs and members of the Nationwide Class bring this claim in the alternative of any simultaneously pleaded claims at law. No available legal claim will allow Plaintiffs or members of the Nationwide Class to the

restitution of the amounts paid in excess of the Price For Life and the profits derived from those funds by CenturyLink during the period that CenturyLink unjustly possessed those funds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against CenturyLink and the following relief on behalf of themselves and the Classes:

(a)     Certify the Nationwide Class and the Oregon Subclass, appoint Plaintiffs as Class Representatives for the Nationwide Class and the Oregon Subclass, and appoint Plaintiffs' counsel as Class Counsel for the Classes;

(b)     Award Plaintiffs and Class Members actual, incidental, and consequential damages and available forms of recovery in an amount to be proven at trial, including any and all available compensatory damages, punitive damages, statutory damages, and any applicable penalties and interest;

(c)     Award Plaintiffs and Class Members restitution to fairly compensate them for any monies that have unjustly enriched CenturyLink, in an amount to be proven at trial;

(d)     Award Plaintiffs and Class Members equitable relief in the form of an injunction prohibiting the collection or imposition of Internet service bills above the Price For Life amount(s);

(e)     Award Plaintiffs and Class Members declaratory relief as permitted by law or equity;

(f)     Award all reasonable costs and attorneys' fees incurred by Plaintiffs, pursuant to, without limitation, the Unfair Trade Practices Act; and

(g)     Award such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims.

Dated: November 24, 2023

/s/ Nadia H. Dahab_____
**David F. Sugerman**, OSB No. 862984
david@sugermandahab.com
**Nadia Dahab**, OSB No. 125630
nadia@sugermandahab.com
SUGERMAN DAHAB
707 SW Washington Street, Suite 600
Portland, OR 97205
Tele: (503) 228-6474

**Tim A. Quenelle**, OSB No. 934000
tim.quenelle@gmail.com
TIM QUENELLE PC
4800 SW Meadows Road, Suite 300
Lake Oswego, OR 97035
Tele: (503) 675-4330

**Kristen G. Simplicio** (*pro hac vice* forthcoming)
ksimplicio@tzlegal.com
**Spencer S. Hughes** (*pro hac vice* forthcoming)
shughes@tzlegal.com
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Tele: (202) 973-0900

*Attorneys for Plaintiffs and the Proposed Classes*